IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| OLD REPUBLIC SURETY COMPANY, <br> A Wisconsin Corporation, <br><br> Plaintiff, <br><br> v. <br><br> QUAD CITY BANK & TRUST COMPANY, <br> An Iowa Chartered Commercial Bank, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 08-4057 <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

Before this Court are the parties' cross motions. Plaintiff filed a Motion for Judgment on the Pleadings [#8] and Defendant filed a Motion for Summary Judgment [#10]. For the reasons set forth below, Plaintiff's Motion [#8] is GRANTED and [#10] Defendant's Motion [#10] is DENIED.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is diversity of citizenship (Plaintiff is a Wisconsin Corporation with its principal place of business in Brookfield, Wisconsin, and Defendant is an Iowa chartered commercial bank with its principal place of business in Bettendorf, Iowa) and the alleged amount in controversy exceeds the jurisdictional requirements.

**Background**

Plaintiff, Old Republic Surety Company ("Old Republic") filed its Complaint against Defendant, Quad City Bank & Trust Company ("Quad City"), claiming that Quad

City wrongfully denied Old Republic's request for payment under its Clean Irrevocable Letter of Credit ("ILOC"). Old Republic includes the language of the ILOC in its Complaint:

> We warrant to you that all your drafts under this CLEAN IRREVOCABLE LETTER OF CREDIT will be duly honored upon presentation of your draft drawn on us at 3551 7th Street, Suite 100 Moline IL 61265 on or before the expiration date or on or before any automatically extended date as set forth.
>
> This CLEAN IRREVOCABLE LETTER OF CREDIT expires on 02/06/08, but will be automatically extended for additional one year terms if you have not received by certified mail notification of our intention not to renew 30 days prior to the original expiry date and each subsequent expiry date.

Old Republic alleges that Quad City did not notify Old Republic of Quad City's intent not to renew the ILOC 30 days prior to the original expiry date of February 6, 2008, via certified mail.

On August 12, 2008, Old Republic sent a sight draft to Quad City in the amount of $119,192.03. On August 27, 2008, Quad City sent to Old Republic a "Notice of Dishonor," which refused to honor Old Republic's sight draft. Old Republic alleges that, pursuant to 810 ILCS 5/5-111, Quad City is liable to Old Republic in the amount of $119,192.03, together with interest from the date of the wrongful dishonor, reasonable attorney's fees, and other expenses of litigation.

Quad City argues that it did not wrongfully dishonor the ILOC because it sent a facsimile ("fax") transmission to Old Republic on January 7, 2008, (30 days prior to the original expiry date). The fax transmission stated:

> We warrant to you that all your drafts under this CLEAN IRREVOCABLE LETTER OF CREDIT will be duly honored upon presentation of your draft drawn on us at 3551 7th Street, Suite 100 Moline IL 61265 on or before the expiration date or on or before any automatically extended date as set forth.

2

> This CLEAN IRREVOCABLE LETTER OF CREDIT expires on 06/06/08, and is not automatically renewable without notification from Quad City Bank and Trust Company.

The fax transmission's cover sheet states that "An original hard copy was sent certified mail today." Quad City argues that this fax transmission operated to provide sufficient notice to Old Republic that the expiration date of the original letter of credit had changed.

Old Republic does not dispute that Quad City sent a fax transmission to Old Republic on January 7, 2008, but argues that this fax transmission did not satisfy the requirements of the ILOC because (1) it was not sent via certified mail and (2) the fax transmission did not notify Old Republic of Quad City's intent not to renew the ILOC.

**Discussion**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings is properly granted if a court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment as a matter of law. *Flora v. Home Federal Sav. and Loan Ass'n,* 685 F.2d 209, 211 (7th Cir. 1982).

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed

material fact by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

Both parties appear to agree that there are no issues of material fact in dispute. However, there is disagreement as to what effect the January 7, 2008, fax transmission had on the ILOC. Therefore, the issues before the Court are (1) whether the January 7, 2008, communication sent by Quad City to Old Republic constituted a sufficient form of notice, when it was sent by fax transmission instead of by certified mail and (2) if the fax transmission was a sufficient form of notification, whether the fax transmission provided sufficient notification of Quad City's intent not to renew the ILOC.

**1.     Whether a fax transmission constitutes sufficient notice**

The first issue to address is whether the January 7, 2008, communication sent by Quad City to Old Republic constituted a sufficient form of notice, when it was sent by fax transmission instead of by certified mail. The ILOC was printed on letterhead and stated that the ILOC will be automatically extended unless Quad City sent notice to Old Republic by "certified mail" of Quad City's intention not to renew 30 days prior to the original expiry date. Old Republic argues that because Quad City did not send notification by certified mail by the deadline, the ILOC was automatically renewed. Quad City argues that the fax transmission served the same function and purpose as notification by certified mail.

The Seventh Circuit has addressed the issue of whether a fax transmission can constitute sufficient notice. In *Ameritech,* the plaintiff brought a breach of contract claim against the defendant contractor, arguing that the defendant failed to complete the project. *Ameritech Info. Sys. Inc. v. Bar Code Resources,* 331 F.3d 571, 573 (7th Cir. 2003). The defendant argued that the contract required notice and an opportunity to cure the breach prior to the filing of a lawsuit for breach, and because the plaintiff failed to give notice of the breach, it was precluded from recovering damages. *Id.* Paragraph 19 of the contract set out the manner in which notice must be given: it must be in writing and delivered to a particular person either by express delivery service or by certified mail. *Id.* The plaintiff argued that it gave notice in the form of a fax transmission. *Id.* at 574. The Seventh Circuit held that whether or not notice was required, "there was notice, which substantially complied with the termination provision." *Id.*

The Court finds what while many notice-giving rules were drafted in terms relevant to paper-based systems, the rationale and purpose of the rule can be met by an electronic notice, which often is more effective and timely. Both parties agree that

5

Quad City sent a fax transmission to Old Republic on January 7, 2008, and that Old Republic received the fax transmission on that same date. The Court finds that this fax transmission constitutes a timely form of notice, even though it was not by certified mail. The Court notes that even though it finds the fax transmission to be a sufficient form of notice, it would encourage the drafter (or any party) to strictly comply with the terms of a letter of credit or any type of contract.

2. **Whether the fax transmission sufficiently notified Old Republic of Quad City's intent not to renew the ILOC.**

The next issue is to address is whether the fax transmission provided sufficient notice to Old Republic that Quad City did not intend to renew the ILOC. Old Republic argues that if Quad City intended not to renew the ILOC, it had the burden of sending to Old Republic a notification of its intent not to renew and that the fax transmission did not suffice. The fax transmission stated: "This CLEAN IRREVOCABLE LETTER OF CREDIT expires on 06/06/08, and is not automatically renewable without notification from Quad City Bank and Trust Company."

In construing the nature and terms of a letter of credit, the same general principles apply which govern other written contracts. *Molter Corp. v. Amwest Surety Ins. Co., et al,* 267 Ill.App.3d 718, 721 (3rd Dist. 1994). Where the terms of a contract are clear and unambiguous, the terms alone will determine the duties of the parties. *Id.* The court in *Molter* held that the letter of credit before it contained an "evergreen clause," which renewed itself every year on the expiration date until there was notice that the letter would not be renewed. *Id* at 721. That court determined that the letter of credit remained in effect "until the defendant bank chooses not to renew *and* notifies the

6

plaintiff of that fact." *Id.* at 722. Where a letter of credit is ambiguous, the ambiguity is construed against the issuer.

In *3Com Corporation v. Banco De Brasil*, the defendant appealed the judgment of the district court which awarded the plaintiff, the beneficiary of a standby letter of credit issued by the defendant, $250,000, plus interest and costs, for the defendant's wrongful dishonor of two drafts on the letter of credit by the plaintiff. 171 F.3d 739 (2d Cir. 1999). There, the letter of credit contained an evergreen clause which stated that credit "shall be automatically extended, without written amendment, in each successive calendar year unless we [defendant] send you [plaintiff] written notice that we have elected not to renew the credit beyond such date (a 'notice of termination')." *Id.* at 742. In affirming the district court, the Second Circuit held in order to prevent the automatic renewal of the letter of credit, the defendant was required to provide the plaintiff with a "clear and unequivocal" notice of non-renewal. *Id.* at 745. The Second Circuit held that telexes from the defendant to the plaintiff, via its bank, requesting it be released from the letter of credit, specifically a telex in May of 1996 which stated, "'Please cancel [the Credit] and release us from liabilities...'" did not provide this clear and unequivocal notice of non-renewal. *Id.* The Second Circuit found that ambiguity arose from the fact that the telex could have been a request for pre-expiry date consensual cancellation of the credit and noted, "[t]he clearest notice of non-renewal would have tracked the language of the evergreen clause and stated: 'We have elected not to renew the credit beyond May 20, 1996.'" *Id.* at 745.

Quad City argues that both *Molter* and *3Com* are factually distinguishable. While the facts may vary, these cases stand for the propositions that (1) the letter of credit between Quad City and Old Republic remained in effect until Quad City chose not to

7

renew *and* notified the Old Republic of that fact and (2) the nonrenewal notification needed to be clear and unequivocal, and the clearest notice of non-renewal would have tracked the language of the evergreen clause and stated: "This CLEAN IRREVOCABLE LETTER OF CREDIT expires on 06/06/08, and Quad City will not renew it beyond that date."

It is undisputed that the ILOC stated that it would be automatically extended unless Quad City notified Old Republic of its intention not to renew; Quad City had the burden of communicating its intent not to renew. The Court finds that the January 7, 2008, fax transmission fails to clearly and unequivocally convey that Quad City did not intend to renew the ILOC. Accordingly, as Quad City failed to adequately inform Old Republic that it did not intend to renew the ILOC, the ILOC was "automatically extended for additional consecutive one year terms." Therefore, the Court finds that Quad Cities wrongfully dishonored Old Republic's sight draft.

Old Republic alleges that, pursuant to 810 ILCS 5/5-111, Quad City is liable to Old Republic in the amount of $119,192.03, together with interest from the date of the wrongful dishonor, reasonable attorney's fees, and other expenses of litigation. The Court finds that that these requests are appropriate and directs Old Republic to file a brief, outlining the total amount it seeks, including interest, its attorney's fees and other litigation expenses within 21 days of this Order.

**CONCLUSION**

For the reasons set forth herein, Old Republic's Motion [#8] is GRANTED and Quad City's Motion [#10] is DENIED. The Court directs Old Republic to file a brief, outlining the total amount it seeks, including interest, its attorney's fees and other litigation expenses within 21 days of this Order.

ENTERED this 18th day of May, 2009.


                                    s/ Michael M. Mihm
                                    Michael M. Mihm
                                    United States District Judge